# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | PLAINTIFF |
| v. | CAUSE NO. 3:17cv897-LG-LRA |
| DIRTWORKS, INC. OF VICKSBURG; HHG, LLC; and HARRY G. GILLILAND, JR. | DEFENDANTS |

## ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, FINDING MOOT MOTION TO DISMISS, AND FINDING MOOT MOTION TO STRIKE

BEFORE THE COURT are three motions: the [29] Motion to Dismiss filed by Defendants Dirtworks, Inc. of Vicksburg ("Dirtworks"), HHG, LLC, and Harry H. Gilliland, Jr.; the [38] Motion to Strike Reply filed by Plaintiff Travelers Casualty and Surety Company of America ("Travelers"); and the [40] Motion for Leave to File Third Amended Complaint filed by Plaintiff Travelers.  The motions are all fully briefed.  Having considered the submissions of the parties, the record, and relevant law, the Court determines that Plaintiff's Motion for Leave to File Third Amended Complaint should be granted.  Defendants' Motion to Dismiss – which is directed at Plaintiff's Second Amended Complaint – and Plaintiff's Motion to Strike – which targets briefing on the Motion to Dismiss – will accordingly be found moot.

## I. BACKGROUND

This case arises out of a series of performance bonds and related contracts between Dirtworks, Gilliland, and Travelers.  Travelers filed its initial Complaint on November 8, 2017.  That Complaint was amended once before the entry of case

management deadlines, and, with leave of court, amended a second time since the entry of those deadlines. The Case Management Order entered on June 5, 2018 by Magistrate Judge Linda Anderson set July 2, 2018 as the deadline for filing amended pleadings. (Case Management Order, ECF No. 20.)

The [28] Second Amended Complaint seeks specific performance, equitable relief, damages for breach of contract, and contractual indemnification. On November 14, 2018, Defendants filed the pending Motion to Dismiss, which argues that these claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Travelers then filed the instant Motion to Strike – which contends that Defendants' rebuttal regarding the Motion to Dismiss should be stricken because it raises new arguments not made in the original supporting memorandum – and Motion for Leave to File Third Amended Complaint – which seeks leave to amend its allegations to include an additional, alternative cause of action for fraud against Defendant Harry Gilliland, Jr. Because resolution of the Motion for Leave to Amend moots the remaining motions, the Court will address this motion first.

## II. DISCUSSION

Travelers' Motion for Leave to Amend seeks leave of court to file a proposed Third Amended Complaint. This Motion, filed December 19, 2018, is concededly untimely, but Travelers maintains that it is nonetheless entitled to amend its pleadings because "it was just made aware of the facts uncovering the fraud on Travelers, and Travelers has filed the instant Motion in the infancy of this

litigation, before any discovery has been propounded by the Defendants or any depositions taken." (Mem. Supp. Mot. Leave Amend 3, ECF No. 40.) Defendants respond that Travelers proposed amendment "is unsupported by good cause" because "Travelers had notice of [Defendants' position that Mr. Gilliland had no authority to enter any agreement on behalf of HHG] in April 2018, nine months before it finally decided to make this amendment." (Resp. Opp. Mot. Leave Amend 3, ECF No. 42.)

Federal Rules of Civil Procedure 15(a) and 16(b) operate in tandem to govern the amendment of pleadings after a scheduling order's deadline to amend has passed. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Under Rule 16(b) – which sets forth a higher initial threshold than the more liberal standard of Rule 15(a) – the deadline to amend can only be extended upon a party's demonstration of good cause and with the Court's consent. *Id.*

Good cause requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Texas Indigenous Council v. Simpkins*, 544 F. App'x 418, 420 (5th Cir. 2013) (quoting *S & W Enters., L.L.C. v. Southtrust Bank of Ala.,* 315 F.3d 533, 535 (5th Cir. 2003)). Four factors are relevant to this analysis: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim,* 551 F.3d at 348 (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)). "If the party meets the good-cause standard, the

deadline can be extended, and the more liberal standard of Rule 15(a) will then apply to the request for leave to amend." *Texas Indigenous Council*, 544 F. App'x at 420 (citing *Fahim*, 551 F.3d at 348).

"[L]eave to amend under Rule 15(a) is to be freely given[; however,] that generous standard is tempered by the necessary power of a district court to manage a case." *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (quoting *Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 566 (5th Cir. 2003)). In determining whether to grant leave to amend under Rule 15(a), "the court may consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment.'" *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013) (alteration in original) (citations omitted).

Travelers' explanation for the untimeliness of their request to amend is that "Travelers did not learn of sufficient facts that would support a fraud claims [sic] against Mr. Gilliland until Defendants responded to Travelers' Second Amended Complaint." (Reply Mot. Leave Amend 3, ECF No. 44.) Although Defendants did previously allege that Gilliland did not have authority to bind HHG, this defense was not sufficient, in and of itself, to support a new claim for fraud. It was reasonable for Travelers to believe that more specific facts were necessary to support allegations of fraud.

As to the importance of the amendment, the new claim is intended to ensure that Travelers still has recourse for the alleged damages even if Gilliland's lack of asserted contractual authority proves true. The claim is an alternative theory of liability. Travelers submits that it has been wronged – if not by Dirtworks' breach of contract, then by Gilliland's fraud. For Travelers, this amendment is therefore important to this litigation.

The potential prejudice in allowing the amendment is minimal given that this case remains in its infancy. Despite being fourteen-months' old, the parties have not progressed passed the pleading stage. This is mostly due to delayed service of process and the parties' earlier attempt to resolve the matter among themselves, for which purpose case management deadlines were stayed. (*See* July 24, 2018 Text Order Staying Case.) The docket reflects minimal discovery propounded by Travelers and no discovery propounded by Defendants. Moreover, a continuance of case management deadlines is available to cure any prejudice resulting from a shortened discovery window.

Consideration of each of these four factors leads to the conclusion that Traveler's requested leave to amend is supported by good cause. The Court accordingly turns to the Rule 15(a) analysis. Traveler's explanation for the untimeliness of the amendment already negates a finding of undue delay, bad faith, or dilatory motive. Although Travelers has already twice amended its pleadings, these amendments did not purport to cure repeated deficiencies. The Court has also determined that Defendants will not suffer undue prejudice if Travelers is granted

leave to amend. Finally, although Defendants argue that their proposed fraud claim is futile because it does not meet the Rule 12(b)(6) standard, the issue is not adequately briefed by either party for the Court to make a determination about the sufficiency of the allegations. This issue is also better resolved in the context of a motion to dismiss. Accordingly, the Court finds that consideration of these factors and Rule 15(a)'s pro-leave guidance counsels in favor of granting Traveler's request to amend.

### III. CONCLUSION

The Court has considered the arguments raised by all parties and finds that Travelers should be granted leave to file the proposed Third Amended Complaint. Because this new complaint will supplant the Second Amended Complaint, Defendants' Motion to Dismiss is rendered moot. The Motion to Dismiss will be denied without prejudice. The Motion to Strike is similarly moot given the basis for denying the Motion to Dismiss.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Travelers' [39] Motion for Leave to File Third Amended Complaint is **GRANTED**. Travelers is instructed to file its Third Amended Complaint within seven (7) days of this Order's entry. Defendants' [29] Motion to Dismiss is **MOOT** and therefore **DENIED** without prejudice. Travelers' [38] Motion to Strike is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 14th day of January, 2019.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE