IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA                                          PLAINTIFF

v.                                                    CAUSE NO. 3:17cv897-LG-LRA

DIRTWORKS, INC. OF VICKSBURG;
HHG, LLC; and HARRY G.
GILLILAND, JR.                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

BEFORE THE COURT is the [49] Motion to Dismiss filed by Defendants Dirtworks, Inc. of Vicksburg ("Dirtworks"); HHG, LLC; and Harry H. Gilliland, Jr. Defendants' Motion seeks dismissal of all claims against HHG, dismissal of the fraud claim against Gilliland, and dismissal of the request for specific performance of the collateral demand by Plaintiff Travelers Casualty and Surety Company of America ("Travelers"). The motion is fully briefed. Having considered the submissions of the parties, the record, and relevant law, the Court determines that Defendants' Motion to Dismiss should be granted in part and denied in part. The Motion will be granted insofar as it seeks dismissal of Plaintiff's fraud claim against Gilliland and will otherwise be denied.

I. BACKGROUND

This case arises out of a series of performance bonds and related indemnity agreements involving Dirtworks, HHG, Gilliland, and Travelers. Dirtworks is a general contractor in the business of construction work. Gilliland is the CEO of

Dirtworks and the sole member of HHG, a Mississippi limited liability company. Travelers is a surety company that issues payment and performance bonds.

On October 5, 2004, Travelers, Dirtworks, and Gilliland executed a General Agreement of Indemnity ("GAI"), by which Dirtworks and Gilliland agreed to indemnify Travelers against all anticipated and real losses and expenses incurred in connection with Travelers' issuance of surety bonds related to construction projects undertaken by Dirtworks. An Additional Indemnitor Rider ("the Rider"), which purported to add HHG as an indemnitor under the GAI, was signed by Gilliland on behalf of HHG on August 17, 2015. Travelers contends that the Rider was properly executed even though Travelers never signed it. HHG says the absence of Travelers' signature renders the Rider void.

On October 2, 2017, Gilliland contacted Travelers to request financial assistance because Dirtworks had insufficient funds to continue its operations, including the completion of outstanding bonded projects. Dirtworks refused Travelers' demand to review Dirtworks' books, which Travelers required before it would consider advancing additional funds to Dirtworks, and which the GAI provided Dirtworks must do upon Travelers' demand. Travelers has received payment claims totaling at least $1,926,972.26 from unpaid subcontractors and suppliers on the various bonded projects headed by Dirtworks. Travelers anticipates that it faces exposure to claims and losses that will total $3,397,751.70

and has demanded the same from Defendants as posted collateral under the GAI.[1] To date, Defendants have failed to satisfy this collateral demand in whole or in part.

Travelers filed its initial Complaint on November 8, 2017. The operative complaint, and the subject of the instant Motion to Dismiss, is Travelers' [48] Third Amended Complaint. Travelers asserts claims against all defendants for breach of contract, *quia timet*, and contractual indemnity, and a fraud claim against Gilliland. Travelers seeks specific performance of the GAI's collateral security obligations, damages, and indemnification.

On January 28, 2019, Defendants filed the instant Motion to Dismiss. The Motion argues that HHG should be dismissed as a defendant because (1) the Rider is not signed by Travelers and (2) no valid consideration is alleged to have existed for the execution of the Rider. The Motion also argues that Travelers has failed to state a claim for fraud against Gilliland and that Travelers is not entitled to the specific performance or injunctive relief it seeks.

## II. DISCUSSION

a. <u>Motion to Dismiss Standard</u>

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the

---

[1] Travelers previously demanded $495,000 in collateral from Defendants on October 23, 2017, which Defendants never posted. That sum increased as Travelers received additional payment claims.

- 3 -

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(b)(6) motion to dismiss, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff. *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016). But "the complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Jabaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

  b. <u>The Rider is Not a Binding Contract Because Travelers Did Not Sign It, But Claims Against HHG Will Not Be Dismissed</u>

Paragraph 16 of the GAI states that "[t]he rights and remedies afforded to [Travelers] by the terms of this Agreement can only be modified by a written rider to this Agreement signed by an authorized representative of [Travelers]." (Compl. Ex. 1, at 3, ECF No. 1-3.) Because Travelers never signed the Rider, Defendants maintain that HHG was never an indemnitor under the GAI and therefore must be dismissed. Travelers makes several arguments against dismissal of HHG: (1) no signature by Travelers was required because the Rider did not modify Travelers' right or remedies under the GAI, (2) the Rider is valid because Travelers manifested its acceptance by continuing to issue numerous bonds on behalf of Dirtworks since

HHG signed the Rider, and (3) HHG is an indemnitor pursuant to the terms of the GAI regardless of the Rider's validity.

Travelers' first argument – that its rights and remedies were not modified because the Rider merely allowed Travelers to pursue existing rights and remedies against a new entity – is unpersuasive. Relevant to the present circumstances, Black's Law Dictionary defines a "right" as "[a] legally enforceable claim that another will do or will not do a given act." *Right*, Black's Law Dictionary (10th ed. 2014). "Remedy" is defined as "[t]he means of enforcing a right or preventing or redressing a wrong." *Remedy*, Black's Law Dictionary (10th ed. 2014). The Rider purports to afford Travelers a new right – the right to pursue indemnification and collateralization from HHG. Only the remedy remains the same. The GAI does not provide a narrower definition of rights under the contract, and the Rider's language stating that the Rider "shall . . . not limit [Travelers'] rights and/or remedies under the Agreement" (Compl. Ex. 2, at 1, ECF No. 1-4) is of no matter here, where the Rider would fashion a new right. Because the Rider would modify Travelers' rights under the GAI, paragraph 16 applies.

The second argument – that Travelers' signature was not required because Travelers manifested its acceptance of the Rider through its conduct – also fails. When HHG tendered the Rider with its signature to Travelers, HHG made an offer to contract. "Unless otherwise indicated by the language or the circumstances, an offer invites acceptance in any manner and by any medium reasonable in the circumstances." *Heritage Bldg. Prop., LLC, v. Prime Income Asset Mgmt., Inc.*, 43

So. 3d 1138, 1143 (Miss. Ct. App. 2009) (quoting Restatement (Second) of Contracts § 30(2) (1981)).

> *The question as to whether those who have signed are bound is generally to be determined by the intention and understanding of the parties at the time of the execution of the instrument.* The reason for holding the instrument void is that if was intended that all the parties should execute it and that each executes it on the implied condition that it is to be executed by the others, and, therefore, that until executed by all it is inchoate and incomplete and never takes effect as a valid contract, and *this is especially true where the agreement expressly provides, or its manifest intent is, that it is not to be binding until signed.*

*Turney v. Marion Cty. Bd. Of Educ.*, 481 So. 2d 770, 774 (Miss. 1985) (quoting 17 C.J.S. Contracts § 62 (1963)) (emphasis in original). The GAI expressly provides that Travelers' rights under the GAI may not be modified without a written rider signed by Travelers. Travelers did not sign the Rider. The Rider would modify Travelers' rights. Therefore, the Rider is not a valid contract. *See Heritage Bldg. Prop.*, 43 So. 3d at 1145 (applying a contractual provision that said no modification of the contract shall be valid unless it is "in writing and signed by the party against whom the enforcement . . . is sought").[2] The Court need not address Defendants' remaining argument concerning the absence of consideration.

Nevertheless, Travelers' third argument against dismissal of HHG – to which Defendants do not respond in their rebuttal brief – appears to provide a legal basis

---

[2] Even if the Court were to agree that Travelers could have accepted HHG's offer through its conduct, Travelers does not allege any specific actions it took that would have clearly manifested its acceptance of HHG's offer. *See Fanning v. C.I.T. Corp.*, 192 So. 41, 43-44 (Miss. 1939).

for seeking relief against HHG under the GAI. Paragraph 1 of the GAI provides specific definitions of various terms used throughout the agreement. "Indemnitors" are defined to include the following legal persons:

> Undersigned, all new indemnitors added to this Agreement by rider, their present future direct and indirect subsidiaries, affiliates, and parent companies, and all of their successors and assigns, and any joint venture, co-venture, consortium, partnership, trust, association, limited liability company or other legal entity in which one or more of them are involved, whether in existence now or formed or acquired hereafter, and any entity that obtains Bonds from [Travelers] at the request of any of the aforementioned parties, or any combination of the above.

(Compl. Ex. 1, at 1, ECF No. 1-3.) Gilliland does not dispute that he is a signatory to the GAI. This definition of "indemnitors" would include any limited liability company or other legal entity in which Gilliland is involved. Gilliland is the sole member of HHG. Pursuant to the GAI's definition of "indemnitors," HHG is a proper party to an action seeking to hold indemnitors to their contractual obligations. Therefore, claims against HHG will not be dismissed.

c. <u>Travelers Fails to State a Claim for Fraud Because the Rider is a Legal Nullity</u>

In Defendants' Answer to Travelers' Second Amended Complaint, Defendants asserted that Gilliland had no authority to enter into any agreement on behalf of HHG, including the Rider. Because Gilliland signed the Rider on behalf of HHG, and the language of the Rider expressly affirmed the signer's authority to bind HHG, Travelers maintains that, should the Court find the Rider void for Gilliland's lack of contractual capacity, Gilliland committed fraud. The Court has already

- 7 -

determined that the Rider is not an enforceable agreement because Travelers did not sign it. Thus, Travelers cannot establish that any misrepresentation by Gilliland of his capacity to bind HHG was a proximate cause of any injury resulting from the unenforceability of the Rider.[3] The Rider is void for reasons unrelated to any alleged misrepresentation made by Gilliland. Moreover, it appears that Travelers may assert claims against HHG regardless, by virtue of the GAI itself. Travelers cannot, therefore, claim damages resulting from Gilliland's alleged misrepresentation.

    d. <u>Travelers States Actionable Claims for Indemnification and Collateralization Under the GAI</u>

Defendants argue that Travelers' claim for indemnity fails because Travelers seeks recovery for anticipated losses rather than any losses actually incurred. Defendants also maintain that Travelers' breach of contract claim and *quia timet* claim are effectively claims for preliminary injunctive relief, which should be rejected because Travelers has not satisfied the high burden necessary to warrant a preliminary injunction. As an initial matter, it is unclear how or why Defendants have construed Travelers' Third Amendment Complaint as seeking a preliminary

---

[3] Stating a claim for fraud or fraudulent inducement under Mississippi law requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. *M St. Invs., Inc. v. Zurich Am. Ins. Co.*, No. 3:13-CV-878 DCB MTP, 2014 WL 1326105, at *2 (S.D. Miss. Mar. 28, 2014) (citing *Levens v. Campbell,* 733 So. 2d 753, 761-62 (Miss. 1999)).

injunction. Nowhere does Travelers ask for relief before a final decision on the merits. These concerns raised by Defendants are misplaced.

In their briefing, Defendants also conflate claims for indemnification with claims for breach of contract and the sought-after specific performance remedy of collateralization. To be clear, Travelers asserts separate claims for breach of contract, *quia timet*, and indemnification. Different remedies are available for different claims.

Turning first to the indemnification claim, it is not clear that Defendants contest whether Travelers successfully states such a claim. Travelers must prove (1) that it was legally liable to a third party, (2) that it paid under compulsion, and (3) that the amount it paid was reasonable. *Certain Underwriters at Lloyd's of London v. Knostman*, 783 So. 2d 694, 698 (Miss. 2001) (citing *Keys v. Rehab. Ctrs., Inc.*, 574 So. 2d 579, 584 (Miss. 1990)). Although Travelers appears to demand more in collateralization than it alleges it has actually paid on claims ($3,397,751.70 in anticipated losses versus $2,098,230.67 paid on claims), this does not undermine Travelers' ability to state a common-law indemnity claim. Travelers alleges that it was legally liable to the subcontractors and suppliers who made claims for unpaid work and materials on Dirtworks' bonded projects, and Travelers alleges that it was compelled to make these payments. Travelers has stated a claim for indemnification.

A plaintiff asserting a breach of contract claim has the burden to prove, by a preponderance of the evidence, "1. the existence of a valid and binding contract; and

2. that the defendant has broken, or breached it." *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224-25 (Miss. 2012). Defendants do not dispute that Travelers has successfully alleged the existence of a valid contract – the GAI – and that Defendants breached the GAI. The fact that Travelers seeks specific performance in the form of the collateralization demanded under the GAI does not change the fact that Travelers states a claim for breach of contract.

Finally, turning to Travelers' claim for *quia timet*, Defendants' argument concerning the lack of recent Mississippi caselaw on the matter does not establish that such a claim is not viable. Indeed, a federal district court in Mississippi granted *quia timet* relief in 2013. *See Renpetco II, LLC v. Arinder*, 3:13CV240-HTW-LRA, 2013 WL 12108217, at *2 (S.D. Miss. Dec. 30, 2013). "It is well settled that a surety may, before payment of the debt by him, exhibit his bill in equity *quia timet* to compel the principal to pay the debt or perform the obligation." *Graham v. Thornton*, 9 So. 292, 293 (Miss. 1891). Under such bills, a party is entitled to relief even before injury or loss. *Lee v. Griffin*, 31 Miss. 632, 635 (Miss. Err. & App. 1856).

Writing in 1856, the Mississippi High Court of Errors and Appeals further expounded upon the purpose of bills *quia timet* and the manner in which resultant relief is carried out:

> Bills *quia timet*, are allowed to sureties only against their debtors or creditors. If they have any apprehension of loss or injury from the delay of the creditors to enforce payment of the debt against the principal debtor, they may file a bill of this sort to compel the debtor to discharge the debt or other obligation for which surety is responsible, or may compel the creditor to sue the principal, and collect from him the debt in discharge of

> the surety. But then, in this case, the surety is
> compellable to deposit the money in court for the payment
> of the creditor; and it is, in fact, but an indirect
> subrogation to the rights of the creditor, upon the virtual
> payment of the debt by such a deposit.

*Id.* at 636. Travelers' allegations satisfy the pleading requirements for *quia timet* relief. Defendants' concerns analogizing such relief to a preliminary injunction are unavailing. Defendants do not point to any Mississippi court decisions calling into question the continued viability of *quia timet* claims, and, as already established, Travelers' Third Amended Complaint does not seek preliminary injunctive relief from this Court.

### III. CONCLUSION

For the foregoing reasons, Travelers' fraud claim against Harry Gilliland will be dismissed. However, the rest of Travelers' claims and remedies sought in its Third Amended Complaint survive Defendants' Motion to Dismiss.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [49] Motion to Dismiss filed by Defendants Dirtworks, Inc. of Vicksburg; HHG LLC; and Harry H. Gilliland, Jr. is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** insofar as it seeks dismissal of the fraud claim against Harry H. Gilliland, Jr. The Motion is otherwise **DENIED**.

**SO ORDERED AND ADJUDGED** this the 22nd day of March, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE